[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12667
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2012
JOHN LEY
CLERK

D. C. Docket No. 7:10-cr-00494-IPJ-PWG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY LEE SNYDER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 14, 2012)

Before EDMONDSON, MARCUS and MARTIN, Circuit Judges.


PER CURIAM:

Johnny Lee Snyder appeals his conviction for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. § 922(g)(1), for which he was sentenced

to 120 months' imprisonment.  On appeal, Snyder challenges the validity of the search warrant used to search his home.  No reversible error has been shown; we affirm.

Based on information received from a confidential informant ("CI"), Officer Christopher Murphy prepared an affidavit in support of a search warrant.  The affidavit stated that the CI had observed personally a black male known as "Black" in possession of drugs packaged for sale at Black's home at "<u>1942</u> Queen City Avenue."  The affidavit then contained detailed directions to "<u>1924</u> Queen City Avenue," describing the residence as a white two-story house with black trim and with the numbers "1924" on the right side of the front door.  Based on Officer Murphy's affidavit, a search warrant issued authorizing a search of 1924 Queen City Avenue.  When agents executed the search warrant at 1924 Queen City Avenue -- Snyder's home -- they discovered, among other things, the firearms underlying Snyder's conviction.

Before trial, Snyder filed a motion to suppress evidence seized during the search of his home, arguing that the search warrant was not supported by probable cause.  Following a hearing, the district court denied the suppression motion.  The court concluded that it was "obvious there [was] a scrivener's error in the affidavit" and that the error did not render the warrant invalid.  The court also

determined that the discrepancies between the physical descriptions of Black and Snyder were not pertinent to determining whether probable cause existed to search 1924 Queen City Avenue.[*]  Snyder pleaded guilty pursuant to a plea agreement, but reserved the right to appeal the denial of his motion to suppress.

In considering the district court's denial of a motion to suppress, we review fact determinations for clear error and application of law to the facts de novo. United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003).  And we construe all facts in the light most favorable to the prevailing party below.  Id.

Although the affidavit mentioned "1942 Queen City Avenue" once, it provided detailed directions to 1924 Queen City Avenue and provided a clear description of that house, including that it had the number "1924" by the front door.  Construing these facts in the light most favorable to the government, we see no clear error in the district court's determination that the affidavit's singular reference to "1942 Queen City Avenue" was a typographical error.

Having resolved the affidavit's conflicting house numbers, we conclude that the affidavit contained sufficient facts to establish probable cause to search Snyder's home.  "It is critical to a showing of probable cause that the affidavit

---

[*]The affidavit described Black as being about 5 feet 9 inches tall and weighing between 200 and 210 pounds, while Snyder was 6 feet tall and weighed about 270 pounds when he was arrested.

3

state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002). "[T]he affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." Id. Reading the affidavit's reference to "1942 Queen City Avenue" to mean "1924 Queen City Avenue," the affidavit established clearly both that the CI observed drugs at 1924 Queen City Avenue and that 1924 Queen City Avenue was Black's home. Because the facts in the affidavit supported a conclusion that contraband would probably be found at 1924 Queen City Avenue, it established probable cause to search the house. See id. That the affidavit's physical description of Black did not match exactly Snyder's physical description does not change our analysis.

We also reject Snyder's argument that the search warrant failed to describe the premises with sufficient particularity. A search "warrant need only describe the place to be searched with sufficient particularity to direct the searcher, to confine his examination to the place described, and to advise those being searched of his authority." United States v. Burke, 784 F.2d 1090, 1092 (11th Cir. 1986). Here, the search warrant itself contained no reference to "1942 Queen City Avenue." Instead, the warrant indicated unambiguously that the house to be

4

searched was 1924 Queen City Avenue, and provided directions to the house and a physical description of the house, the accuracy of which are not in dispute.

Because the search warrant was supported by probable cause and described the place to be searched with sufficient particularity, the district court denied properly Snyder's motion to suppress. As a result, it is unnecessary for us to address whether the good faith exception established in United States v. Leon, 104 S. Ct. 3405 (1984), applies.

AFFIRMED.